**FILED**

DEC - 2 2014

Dec 2 2014

THOMAS G BRUTON
CLERK US DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JANICE ELLEN KEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| TEVA PHARMACEUTICALS USA, | ) | **1:14-cv-09626** |
| INC., a foreign corporation, TEVA SALES | ) | **Judge Ruben Castillo** |
| AND MARKETING, INC., a foreign | ) | **Magistrate Judge Jeffrey T. Gilbert** |
| corporation, TEVA | ) | |
| PHARMACEUTICALS NORTH | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants, Teva Pharmaceuticals USA, Inc., Teva Sales and Marketing, Inc. and Teva

Pharmaceuticals North America[1] ("Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and

1446, and by and through the undersigned counsel, gives notice to this Court of the removal of

this action from the Circuit Court of Cook County, Illinois, Law Division, and states as follows:

### DIVERSITY JURISDICTION

1. On or about November 12, 2014, Plaintiff, Janice Keen ("Plaintiff") filed an action

against Defendants in the Circuit Court of Cook County, Illinois, Law Division, designated as

Case Number: 2014 L 1729 and entitled, *Janice Keen v. Teva Pharmaceuticals USA, Inc., et al.*

In her four-count Complaint, Plaintiff alleges that she was discriminated against and retaliated

---

[1] Teva Pharmaceuticals North America which is named as one of the three original defendants is not a legal entity; it
was a naming convention that had existed under a previous global management reporting structure. As a result, it is
not a proper party to this action.

against in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* A copy of the State Court Complaint is attached hereto as **Exhibit A.**

2. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a), which permits a Defendant to remove a civil action to federal court where complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. At all times relevant to the allegations in the Complaint and through the present date, Plaintiff has been and is a resident of and is domiciled in the State of Illinois. (Complaint ¶ 2). Plaintiff is therefore a citizen of the State of Illinois for purposes of diversity jurisdiction.

4. At all times relevant to the allegations in the Complaint, Defendants Teva Pharmaceuticals USA, Inc. and Teva Sales and Marketing, Inc. were corporations, formed under the laws of the State of Delaware with their principal places of business in the Commonwealth of Pennsylvania. Defendants are therefore citizens of a state other than Illinois for the purposes of diversity jurisdiction.

5. Therefore, at all relevant times herein, the Plaintiff was a resident and citizen of the State of Illinois, and Defendants Teva Pharmaceuticals USA, Inc. and Teva Sales and Marketing, Inc. are citizens of the State of Delaware. At the time of the filing of this action, and as of the date of this removal, there is complete diversity of citizenship between the parties.

6. Plaintiff alleges in each of the four (4) Counts in the Complaint that she is seeking a judgment against Defendants in an amount exceeding Fifty Thousand Dollars ($50,000.00). Plaintiff's allegations, therefore, satisfy the amount-in-controversy requirement of the District Court's diversity jurisdiction.

2

## REMOVAL BASED ON DIVERSITY JURISDICTION

7. Because this Court has original jurisdiction over this matter under 28 U.S.C. § 1332, it is properly removable pursuant to 28 U.S.C. § 1441(a). Therefore, this entire matter may be removed, and this Court may determine all issues herein, pursuant to 28 U.S.C. § 1441(c).

8. Removal is timely under the provisions of 28 U.S.C. § 1446 because Defendants were served with the Complaint on or about November 14, 2014 and file this Notice of Removal within 30 days of November 14, 2014.

## VENUE IS PROPER

9. Venue is proper in this Court, as this Court is the district and division embracing the place in which the state court action was originally filed. *See* 28 U.S.C. § 1441(a).

## NO WAIVER

10. By virtue of this removal petition, Defendants do not waive their rights to assert any claims, pleas, or motions, including, if any, pleas in abatement, motions to compel arbitration, and motions permitted by Rule 12 of the Federal Rules of Civil Procedure.

## COMPLIANCE WITH REMOVAL PROCEDURES

11. Defendants have complied with all applicable provisions of 28 U.S.C. §§ 1441 *et. seq.*, the applicable Federal Rules of Civil Procedure, and the Local Rules in this District. Defendants attach hereto those materials required to be filed upon removal. Additionally, the filing fee of Four Hundred Dollars ($400.00) has been tendered to the Clerk of the United States District Court for the Northern District of Illinois, along with the original and a copy of this Notice of Removal.

## ATTACHMENTS

12. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Defendants in the Illinois State Court action, other than the Complaint (Exhibit A) are attached hereto as **Exhibit B**.

3

## NOTICE TO STATE COURT

13.  Pursuant to 28 U.S.C. § 1446(d), Defendants shall promptly serve a copy of this Notice of Removal on Plaintiff and shall promptly file a copy of this Notice of Removal with the Clerk of Cook County, Illinois, Law Division. A copy of the "Notice of Filing this Notice of Removal that will be filed with the Clerk of the Circuit Court of Cook County, Illinois is attached as **Exhibit C**.

WHEREFORE, Defendants respectfully request that this Honorable Court take full jurisdiction of this action as if it had been originally filed here to the exclusion of any further proceedings in the state court, in accordance with law, and for any such other or further relief as this Court deems just and reasonable.

Signed this 1st day of December, 2014.

Respectfully submitted,

By: */s/ John M. Riccione*
    John M. Riccione (ILARDC No.: 6209375)
    jriccione@agdglaw.com
    Amy M. Rapoport (ILARDC No.:6293612)
    arapoport@agdglaw.com
    Benjamin Haskin (ILARDC No.: 6306126)
    bhaskin@agdglaw.com
    **ARONBERG GOLDGEHN**
    330 N. Wabash Ave., Suite 1700
    Chicago, Illinois 60611-3586
    Ph.: (312) 755-3188
    Fax: (312) 222-6388
    www.agdglaw.com

    Larry J. Rappoport
    ljr@stevenslee.com
    Pennsylvania Bar No. 26922 (Pro Hac Vice
    Application Forthcoming)
    **STEVENS & LEE, P.C.**
    620 Freedom Business Center, Suite 200
    King of Prussia, Pennsylvania 19406
    Ph.: (610) 205-6039

Fax: (610) 371-7977

Micah L. Craft
Pennsylvania Bar No. 314335 (Pro Hac Vice
Application Forthcoming)
**STEVENS & LEE, P.C.**
620 Freedom Business Center, Suite 200
King of Prussia, Pennsylvania 19406
Ph.: (610) 205-6010
Fax: (610) 371-7967
mlc@stevenslee.com

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

John M. Riccione certifies that he served copies of this Notice of Removal on Edward R. Theobald, counsel for the Plaintiff, at 135 South LaSalle Street, Suite 1920, Chicago, Illinois 60603, by depositing same in the U.S. Mail at 330 North Wabash Avenue, Chicago, Illinois 60611 at or before 4:00 p.m. on December 1, 2014 with proper postage prepaid.


*/s/ John M. Riccione*
John M. Riccione

Doc#1654749

Exhibit A



Re-order from Bushnell Company
(215) 842-9520
www.BushnellCo.com



RECYCLED PAPER
RECYCLABLE

2014L011729

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS CALENDAR/ROOM S
COUNTY DEPARTMENT – LAW DIVISION TIME 00:00
Statutory Action

JANICE KEEN, )
)
    Plaintiff, )
)
    v. )    No.
)
TEVA PHARMACEUTICALS USA, INC., )
a foreign corporation, TEVA SALES AND )
MARKETING, INC., a foreign corporation, )
TEVA PHARMACEUTICALS NORTH )     Plaintiff Demands Trial by Jury
AMERICA, foreign corporation, )
)
    Defendants. )

## COMPLAINT AT LAW – ILLINOIS HUMAN RIGHTS ACT

Plaintiff, JANICE KEEN, by her attorney, EDWARD R. THEOBALD, complains of

Defendants TEVA PHARMACEUTICALS USA, INC., a foreign corporation, TEVA SALES

AND MARKETING, INC., a foreign corporation, and TEVA PHARMACEUTICALS NORTH

AMERICA, a foreign corporation, as follows:

### COUNT 1 – DISABILITY DISCRIMINATION

1.    This action is brought pursuant to the Illinois Human Rights Act, 775 ILCS 5/1-101

*et seq.*, and the Circuit Court of Cook County, Illinois has jurisdiction of this complaint under the

Illinois Human Rights Act, (hereinafter "IHRA"), 775 ILCS 5/1-101 *et seq.* as amended.

2.    Plaintiff, Janice Keen, female, at all relevant times herein is a resident and

domiciled at 3221 Wenonah Avenue, Berwyn, Cook County, IL 60402 and is employed by

Defendants in Cook County, Illinois.

3.    At all relevant times herein, Plaintiff was employed by Defendants TEVA

Pharmaceuticals USA, Inc., a foreign corporation, TEVA Sales and Marketing, Inc., a foreign

corporation and TEVA Pharmaceuticals North America, Inc., a foreign corporation (hereafter

1

collectively referred to as "TEVA"), licensed to do business in Illinois, employed more than 100 employees, and are employers as defined by the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* ("IHRA"). TEVA is formerly known as Cephalon Inc. Defendant TEVA is located at 1090 Horsham Road, North Wales, Pennsylvania 19454.

4.       For the year 2013, TEVA provided Plaintiff, Janice Keen, an employee of TEVA, with an IRS form W-2 stating her employer as Defendant Teva Sales and Marketing, Inc., a foreign corporation for the year 2013 with a FEIN number of 16-1699415 attached hereto. At the Illinois Department of Human Rights, TEVA answered all of Plaintiff's charges of disability and gender discrimination and retaliation as Defendant TEVA Pharmaceuticals USA, Inc.

5.       During the entire time Plaintiff was employed by TEVA, her work performance as a Territory Sales Specialist and later Executive Sales Specialist has been and is excellent or outstanding, and she always has been at or near the top of sales in her sales area.

6.       The physical requirements for Plaintiff's position at TEVA are daily driving of an automobile, getting in and out of an automobile, carrying materials up to 10-20 pounds, going up and down stairs and walking through medical buildings, and to and from physician's offices.

7.       On or about February 24, 2014, at a TEVA national sales meeting, Defendant TEVA gave Plaintiff the sales Hall of Fame award which was only given to approximately 20 out of 300 sales representatives nation-wide who previously have earned three Presidents Club awards (the year's best representative) in the past ten years. Plaintiff won the President Club award three years in row, and as such, Plaintiff's job performance always met TEVA's legitimate expectations.

8.       Plaintiff, Janice Keen, is an individual with a disability as defined by the Illinois Human Rights Act (IHRA); to wit: degenerative cervical disk disease, and at all relevant times,

2

Defendant TEVA was aware of Plaintiff's disability. Since December of 2011, Teva, through Dr. Lora Regan, Medical Director for Teva, approved the accommodation of Plaintiff's work day of 8 hours, sitting, standing and walking not to exceed 4 hours at one time, lifting not to exceed 10 pounds, as Plaintiff can safely do this with her left hand and avoid pushing and pulling with her right hand or arm. Dr. Regan further authorized Plaintiff to self-modify her accommodations as needed which developed following an on-the-job automobile collision in November of 2010.

9.      On or about May 8, 2013, Plaintiff's physician sent TEVA's medical department a report stating that Plaintiff had to remain off work as she was scheduled for surgery on May 17, 2013 as treatment of her disability with a recovery period until on or about June 28, 2013.

10.     Thereafter, TEVA communicated the contents of Plaintiff's physician's report in the above paragraph to TEVA's human resource department within days or a week.

11.     On or about May 23, 2013 after being on an approved medical leave since December 21, 2012 and with knowledge that Plaintiff had been scheduled for surgery on May 17, 2013 for treatment of Plaintiff's disability and that the recovery period for the surgical treatment for Plaintiff's disability would likely go past June 3, 2013, Robert Bobrowski, Senior Director of TEVA's Human Resources delivered a letter to Plaintiff stating that Plaintiff's leave was not an approved medical leave and was instead a "personal" leave, and instructed and warned Plaintiff that she must return to work by June 3, 2013, with or without accommodation or "be laid off from employment" or discharged.

12.     On May 29, 2013, Plaintiff submitted a doctor's letter to Donna Montagna, Health Nurse for TEVA releasing her back to work with the reasonable requests for an accommodation that Plaintiff should not lift more than 10 pounds. On May 29, 2013, Plaintiff was fully capable of performing all her job responsibilities.

3

13. On May 31, 2013, Ms. Montagna called Plaintiff and said Teva Occupational Health cleared Plaintiff's return to work for June 3, 2013, saying there were no problems with Plaintiff's restrictions or request for the reasonable accommodation of not lifting more than 10 pounds. Ms. Montagna said she would notify Sales Management and Human Resources of Plaintiff's clearance to return to work.

14. Approximately one hour later, Ms. Montagna called Plaintiff and told her not to go back to work because someone (Rob Bobrowski) in TEVA's Human Resources thinks Plaintiff needs surgery.

15. TEVA's phony or pretexual reason given by Rob Bobrowski was that TEVA needed to review Plaintiff's request for a reasonable accommodation which was no lifting over 10 pounds.

16. On June 5, 2013, Plaintiff engaged in protected EEO activity when she complained to TEVA's internal human resource department that TEVA's refusal to allow her to return to work from medical leave was discrimination based upon her disability.

17. On June 14, 2013, Ms. Montagna requested that Plaintiff release her medical records to TEVA for review of all Plaintiff's medical information.

18. On July 10, 2013, Plaintiff, Janice Keen, had surgery for her disability.

19. On August 22, 2013, Plaintiff submitted another request from her doctor to work with reasonable accommodations or restrictions of no lifting of over 20 pounds.

20. On August 23, 2013, Donna Montagna called Plaintiff and told Plaintiff that she received Plaintiff's medical release to return to work, and that Plaintiff was required to go for a physical to be performed by TEVA's doctor.

21.     On August 27, 2013, TEVA's physician conducted a physical examination on Plaintiff and Plaintiff passed the physical exam.

22.     On August 29, 2013, Ms. Montagna called Plaintiff and told Plaintiff that she could not return to work and instructed Plaintiff that she had to go for another physical because the results of the first physical indicated that her neck was normal. Ms. Montagna said that the results were incorrect because Plaintiff's neck was not normal because it was scarred.

23.     Plaintiff's disability is unrelated to her ability to perform the essential functions of Plaintiff's job duties.

24.     Defendant TEVA refused to allow Plaintiff to return to work because of Plaintiff's disability and Plaintiff's recent protected EEO activity complaining of TEVA's disability discrimination.

25.     Plaintiff's disability and, or her protected activity of EEO complaints against TEVA was a motivating factor in TEVA's decisions on or about May 23, 2013, June 3, 2013 and August 29, 2013 when TEVA refused to allow Plaintiff to return to work and denied Plaintiff's above requests for reasonable accommodations of TEVA in violation of the IHRA resulting in lost wages and benefits.

26.     As a result of Defendant TEVA's intentional discriminatory conduct above based upon Plaintiff's disability and, or based upon Plaintiff's protected EEO activity above, Plaintiff suffered lost wages, lost income, lost bonuses, health insurance benefits, reduced pension benefits, lost pension benefits and lost other employee benefits and her ability to pursue her career at TEVA free from disability discrimination and retaliation.

27.     As a further result of Defendant TEVA's discriminatory and, or retaliatory conduct above, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, loss of dignity, embarrassment, and loss of reputation.

28.     Defendant's practices above have deprived equal employment opportunities to disabled employees and, or employees who make protected activity EEO complaints including Plaintiff, and otherwise adversely affected the status of employees and Plaintiff based on their disabilities and, or based upon making protected activity discrimination complaints.

29.     The unlawful employment practices complained of above were intentional and continuing, and done with malice or with reckless indifference to the protected rights of disabled employees including Plaintiff who made EEO or discrimination complaints in violation of the IHRA.

30.     On September 23, 2013 Plaintiff filed verified charges under oath of disability discrimination and retaliation against Defendant TEVA with the Illinois Department of Human Rights (IDHR) in Chicago, Illinois, which complained about all of the above discriminatory and retaliatory acts of Defendant.

31.     On August 27, 2014, the IDHR concluded the investigation of Plaintiff's above charges of disability discrimination and retaliation against Defendant and issued a right to sue notice to Plaintiff, Janice Keen, on the above charges of discrimination filed at the IDHR on September 23, 2013 and gave Plaintiff 90 days from receipt of said notice to commence a lawsuit in the Circuit Court of Cook County, Illinois.

32.     On August 28, 2014, Plaintiff received the above IDHR's right to sue notice which gave Plaintiff 90 days thereafter to commence a lawsuit in the Circuit Court of Cook County, Illinois regarding charges of discrimination filed at the IDHR on September 23, 2013.

6

33.     Plaintiff, Janice Keen filed this action in the Circuit Court of Cook County, Illinois on November 12, 2014 within 90 days of receiving the above notice of right to sue, complying with all prerequisites for maintaining this action against Defendant TEVA in the Circuit Court of Cook County, Illinois as required by the IHRA, 775 ILCS 5/1-101 *et seq.*

34.     Plaintiff has exhausted all administrative remedies and complied with the statutory prerequisites for maintaining this action against Defendant TEVA in the Circuit Court of Cook County, Illinois under the IHRA, 775 ILCS 5/1-101 *et seq.* as amended.

35.     Cook County, Illinois is the appropriate venue for this action as it is where Plaintiff resides and where Defendant employed Plaintiff since 2005, and where Defendant violated Plaintiff's civil rights.

36.     All of the Defendant's intentional discriminatory acts above, based upon Plaintiff's disability and, or Plaintiff making disability or EEO complaints against Defendant TEVA or Defendant TEVA's retaliatory actions are in violation of the IHRA, 775 ILCS 5/1-101 *et seq.*

37.     Plaintiff demands trial by jury.

WHEREFORE, Janice Keen, Plaintiff, prays for the following relief:

A.     That a judgment be entered in favor of Plaintiff Janice Keen and against Defendants TEVA PHARMACEUTICALS USA, INC., a foreign corporation, TEVA SALES AND MARKETING, INC., a foreign corporation, and TEVA PHARMACEUTICALS NORTH AMERICA, a foreign corporation, jointly and against each of them, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

B.     That Plaintiff be awarded damages for lost wages, lost or reduced pension benefits and lost income with prejudgment interest on all monetary awards, as a result of

7

Defendant TEVA's discriminatory conduct based upon Plaintiff's disability or retaliation in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

    C.      That Plaintiff be awarded future, or front damages, front pay and benefits she would have received during the next 10 years in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

    D.      That Plaintiff be awarded all employee benefits, insurance benefits, health and life insurance benefits, retirement benefits, pension benefits and all other employee benefits she would have received but for the above civil rights violations committed against her, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00);

    E.      That Plaintiff be awarded actual damages for emotional distress, humiliation, loss of dignity, embarrassment and loss of reputation in an amount greater than $50,000.00;

    F.      That an injunction be entered enjoining Defendant TEVA, its officers, employees, agents, successors, and all persons acting in concert or participation with them, from engaging in any employment policy or practice which discriminates against employees based upon disability or retaliation;

    G.      Order Defendant TEVA to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and applicants, regardless of their disability to eradicate the effects of Defendant's past unlawful employment practices;

    H.      Order Defendant TEVA to make Plaintiff whole by providing appropriate back pay with prejudgment interest, and compensation for all other past and future pecuniary losses, in amounts to be determined at hearing or trial;

8

I.      Order Defendant TEVA to make Plaintiff whole by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00);

J.      Enter an order requiring Defendant TEVA to post notices in conspicuous places of Defendant's offices, setting forth the requirements for compliance with the IHRA;

K.      Order Defendant TEVA to make Plaintiff whole by providing appropriate back pay with prejudgment interest, and compensation for other past and future pecuniary losses in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

L.      Order Defendant to make Plaintiff whole by reinstating all of Plaintiff's rights and employee benefits, or awarding appropriate front pay in amounts to be determined at trial;

M.      Order Defendant and its successors to provide training to officers, managers and employees regarding disability discrimination and prohibition of retaliating against employees for making EEO complaints;

N.      That Plaintiff Janice Keen be awarded all attorney's fees and costs incurred;

O.      Enter a declaratory judgment that Defendant TEVA's actions constitute unlawful discrimination and retaliation in violation of the IHRA;

P.      Enter an order that any and all public contracts between Defendant TEVA and the State of Illinois, or any State agency or department, shall be terminated immediately;

Q.      Enter an order barring Defendant TEVA from participating in public contracts for a period up to, but not to exceed the statutory revocation period of years;

R.     Enter an order that a penalty up to, but not to exceed, the monies earned by Defendant TEVA as a result of the above civil rights violations shall be paid to the Treasurer of the State of Illinois;

S.     Enter an order directing all Illinois licensing authorities that all of Defendant TEVA's licenses within Illinois be suspended or revoked, including but not limited to all pharmaceutical licenses of TEVA and its related companies be revoked;

T.     Enter an order requiring Defendant TEVA to report to the IDHR and the Court every 2 months, in writing, that it is in full and complete compliance with all orders issued by the IDHR or the Court, and are in full compliance with the IHRA;

U.     Enter an order for other relief which is equitable, proper and just, or to make Plaintiff whole in accord with the Illinois Human Rights Act;

V.     Plaintiff demands trial by jury.

## COUNT 2 – RETALIATION

1-37.     Plaintiff realleges and incorporates paragraphs 1-37 of Count 1 as if fully set forth herein as paragraphs 1 through 37 of Count 2.

WHEREFORE, Janice Keen, Plaintiff, prays for the following relief:

A.     That a judgment be entered in favor of Plaintiff Janice Keen and against Defendants TEVA PHARMACEUTICALS USA, INC., a foreign corporation, TEVA SALES AND MARKETING, INC., a foreign corporation, and TEVA PHARMACEUTICALS NORTH AMERICA, a foreign corporation, jointly and against each of them, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

B.     That Plaintiff be awarded damages for lost wages, lost or reduced pension benefits and lost income with prejudgment interest on all monetary awards, as a result of

10

Defendant TEVA's discriminatory conduct based upon Plaintiff's disability or retaliation in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

C.     That Plaintiff be awarded future, or front damages, front pay and benefits she would have received during the next 10 years in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

D.     That Plaintiff be awarded all employee benefits, insurance benefits, health and life insurance benefits, retirement benefits, pension benefits and all other employee benefits she would have received but for the above civil rights violations committed against her, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00);

E.     That Plaintiff be awarded actual damages for emotional distress, humiliation, loss of dignity, embarrassment and loss of reputation in an amount greater than $50,000.00;

F.     That an injunction be entered enjoining Defendant TEVA, its officers, employees, agents, successors, and all persons acting in concert or participation with them, from engaging in any employment policy or practice which discriminates against employees based upon disability, gender or retaliation;

G.     Order Defendant TEVA to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and applicants, regardless of disability which eradicate the effects of Defendant's past unlawful employment practices;

H.     Order Defendant TEVA to make Plaintiff whole by providing appropriate back pay with prejudgment interest, and compensation for all other past and future pecuniary losses, in amounts to be determined at hearing or trial;

11

I.     Order Defendant TEVA to make Plaintiff whole by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00);

J.     Enter an order requiring Defendant TEVA to post notices in conspicuous places of Defendant's offices, setting forth the requirements for compliance with the IHRA;

K.     Order Defendant TEVA to make Plaintiff whole by providing appropriate back pay with prejudgment interest, and compensation for other past and future pecuniary losses in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

L.     Order Defendant to make Plaintiff whole by reinstating all of Plaintiff's rights and employee benefits, or awarding appropriate front pay in amounts to be determined at trial;

M.     Order Defendant and its successors to provide training to officers, managers and employees regarding disability discrimination and prohibition of retaliating against employees for making EEO complaints;

N.     That Plaintiff Janice Keen be awarded all attorney's fees and costs incurred;

O.     Enter a declaratory judgment that Defendant TEVA's actions constitute unlawful discrimination and retaliation in violation of the IHRA;

P.     Enter an order that any and all public contracts between Defendant TEVA and the State of Illinois, or any State agency or department, shall be terminated immediately;

Q.     Enter an order barring Defendant TEVA from participating in public contracts for a period up to, but not to exceed the statutory revocation period of years;

12

R.      Enter an order that a penalty up to, but not to exceed, the monies earned by Defendant TEVA as a result of the above civil rights violations shall be paid to the Treasurer of the State of Illinois;

S.      Enter an order directing all Illinois licensing authorities that all of Defendant TEVA's licenses within Illinois be suspended or revoked, including but not limited to all pharmaceutical licenses of TEVA and its related companies be revoked;

T.      Enter an order requiring Defendant TEVA to report to the IDHR and the Court every 2 months, in writing, that it is in full and complete compliance with all orders issued by the IDHR or the Court, and are in full compliance with the IHRA;

U.      Enter an order for other relief which is equitable, proper and just, or to make Plaintiff whole in accord with the Illinois Human Rights Act;

V.      Plaintiff demands trial by jury.

## COUNT 3 – RETALIATION

1-37.    Plaintiff realleges and incorporates paragraphs 1-37 of Count 1 as if fully set forth herein as paragraphs 1 through 37 of Count 3.

38.     During 2012, Plaintiff's job performance as an Executive Sales Specialist was outstanding.

39.     On October 31, 2013, Defendant TEVA intentionally did not evaluate Plaintiff's job performance in 2012 at the highest level of "Senior Executive Sales Representative" or failed to place or promote Plaintiff to the level or position of "Senior Executive Sales Representative" because of Plaintiff's above protected EEO activity opposing discrimination and requesting accommodation due to her disability as Plaintiff's performance and qualifications for the 2012 Field Leveling Project performance criteria for the title, position or performance level of "Senior

13

Executive Sales Representative" and Plaintiff's actual performance was equal or superior to similarly situated males, non-disabled employees and employees who had not engaged in EEO activity including but not limited to males Tom Miller, Mark Leach and Ryan Conrad resulting in Plaintiff's lost wages and benefits.

40.     Scott Bischoff, Regional Sales Manager, was the individual primarily responsible for the 2012 discriminatory and retaliatory performance review given to Plaintiff on October 31, 2013. On November 14, 2012, Scott Bischoff admitted to Plaintiff in writing that her requests for reasonable accommodations and that Plaintiff's disability and medical limitations have had a significant impact on her ability to perform this year at a high level but that shouldn't detract Plaintiff from returning to President's club in 2013.

41.     Nevertheless, similarly situated employees with performances inferior to Plaintiff, Janice Keen, were placed or promoted to "Senior Executive Sales Representative" including but not limited to Tom Miller and Mark Leach, thereby resulting in lost wages or lost salary for Plaintiff, further preventing Plaintiff from advancing at Defendant TEVA's place of employment due to Plaintiff's disability or retaliation in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00).

42.     Plaintiff was scheduled to participate in professional development workshops in Pennsylvania on or about February 10-12, 2014. However, on or about January 15, 2014, Defendant TEVA told Plaintiff that she could not attend the workshops while permitting similarly situated employees not suffering from a disability and those who did not make an EEO complaint to TEVA to attend workshops including but not limited to males Brett Hartman and Mike Scearce.

14

43. Defendant TEVA intentionally refused to allow Plaintiff the above reasonable accommodations because of Plaintiff's gender, and, or disability and failed to provide her accommodations because of Plaintiff's disability and, or her gender, or retaliation. Plaintiff's disability, or gender or her protected activity of EEO complaints against TEVA was a motivating factor in TEVA's above decisions.

44. On April 7, 2014, Plaintiff filed a verified amended charge, under oath, of gender, disability discrimination and retaliation against Defendant TEVA which complained about all of the above discriminatory and retaliatory acts of Defendant in paragraphs 38-43 above for retaliating against Plaintiff for her initial EEO complaint of disability discrimination with TEVA on or about June 5, 2013 and retaliation for Plaintiff's September 23, 2013 verified charge filed with the Illinois Department of Human Rights (IDHR) in Chicago, Illinois.

45. Plaintiff has exhausted all administrative remedies and complied with the statutory prerequisites for maintaining her action of retaliation against Defendant TEVA in the Circuit Court of Cook County, Illinois under the IHRA, 775 ILCS 5/1-101 *et seq.* as amended.

46. Cook County, Illinois is the appropriate venue for this action as it is where Plaintiff resides and where Defendant employed Plaintiff since 2005, and where Defendant violated Plaintiff's civil rights.

47. All of the Defendant's intentional discriminatory and retaliatory acts above are in violation of the IHRA, 775 ILCS 5/1-101 *et seq.*

48. Plaintiff demands trial by jury.

WHEREFORE, Janice Keen, Plaintiff, prays for the following relief:

A. That a judgment be entered in favor of Plaintiff Janice Keen and against Defendants TEVA PHARMACEUTICALS USA, INC., a foreign corporation, TEVA SALES

15

AND MARKETING, INC., a foreign corporation, and TEVA PHARMACEUTICALS NORTH AMERICA, a foreign corporation, jointly and against each of them, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

B.    That Plaintiff be awarded damages for lost wages, lost or reduced pension benefits and lost income with prejudgment interest on all monetary awards, as a result of Defendant TEVA's discriminatory conduct in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

C.    That Plaintiff be promoted to the position of "Senior Executive Sales Representative" and awarded future, or front damages, front pay and benefits she would have received during the next 10 years in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

D.    That Plaintiff be awarded all employee benefits, insurance benefits, health and life insurance benefits, retirement benefits, pension benefits and all other employee benefits she would have received but for the above civil rights violations committed against her, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00);

E.    That Plaintiff be awarded actual damages for emotional distress, humiliation, loss of dignity, embarrassment and loss of reputation in an amount greater than $50,000.00;

F.    That an injunction be entered enjoining Defendant TEVA, its officers, employees, agents, successors, and all persons acting in concert or participation with them, from engaging in any employment policy or practice which discriminates against employees based upon disability, gender or retaliation, and to enter an order requiring TEVA to afford all employees including those with disabilities and those employees who have made EEO complaints, as Plaintiff, Janice

16

Keen, to be able to participate in all of TEVA's seminars and workshops that provide for professional growth or training;

G.      Order Defendant TEVA to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and applicants, regardless of their disability, gender or sex and which eradicate the effects of Defendant's past unlawful employment practices;

H.      Order Defendant TEVA to make Plaintiff whole by providing appropriate back pay with prejudgment interest, and compensation for all other past and future pecuniary losses, in amounts to be determined at hearing or trial;

I.      Order Defendant TEVA to make Plaintiff whole by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00);

J.      Enter an order requiring Defendant TEVA to post notices in conspicuous places of Defendant's offices, setting forth the requirements for compliance with the IHRA;

K.      Order Defendant TEVA to make Plaintiff whole by providing appropriate back pay with prejudgment interest, and compensation for other past and future pecuniary losses in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

L.      Order Defendant to make Plaintiff whole by reinstating all rights and employee benefits, or awarding appropriate front pay in amounts to be determined at trial;

M.      Order Defendant and its successors to provide training to officers, managers and employees regarding disability and gender discrimination and prohibition of retaliating against employees for making EEO complaints;

17

N.     That Plaintiff Janice Keen be awarded all attorney's fees and costs incurred;

O.     Enter a declaratory judgment that Defendant TEVA's actions constitute unlawful discrimination and retaliation in violation of the IHRA;

P.     Enter an order that any and all public contracts between Defendant TEVA and the State of Illinois, or any State agency or department, shall be terminated immediately;

Q.     Enter an order barring Defendant TEVA from participating in public contracts for a period up to, but not to exceed the statutory revocation period of years;

R.     Enter an order that a penalty up to, but not to exceed, the monies earned by Defendant TEVA as a result of the above civil rights violations shall be paid to the Treasurer of the State of Illinois;

S.     Enter an order directing all Illinois licensing authorities that all of Defendant TEVA's licenses within Illinois be suspended or revoked, including but not limited to all pharmaceutical licenses of TEVA and its related companies be revoked;

T.     Enter an order requiring Defendant TEVA to report to the IDHR and the Court every 2 months, in writing, that it is in full and complete compliance with all orders issued by the IDHR or the Court, and are in full compliance with the IHRA;

U.     Enter an order for other relief which is equitable, proper and just, or to make Plaintiff whole in accord with the Illinois Human Rights Act;

V.     Plaintiff demands trial by jury.

18

## COUNT 4 - RETALIATION

1-37.    Plaintiff realleges and incorporates paragraphs 1-37 of Count 1 as if fully set forth herein as paragraphs 1 through 37 of Count 4.

38-48.  Plaintiff realleges and incorporates paragraphs 38-48 of Count 3 as if fully set forth herein as paragraphs 38-48 of Count 4.

49.      On or about March 6, 2014, Defendant TEVA intentionally did not pay Plaintiff her entire bonus for the year 2013 because of her EEO complaints above and, or Plaintiff's disability, whereas, TEVA gave full bonuses to dozens of similarly situated male employees and, or to employees who were not suffering from a disability and, or employees who had not made EEO complaints or were not involved in protected EEO activity.  Since Teva previously would not allow Plaintiff to return to work for 3 and ½ months when Plaintiff was able to work, on or about March 6, 2014, TEVA has refused paying Plaintiff her earned bonus amount of more than $12,000.00.

50.      On January 24, 2014, Plaintiff sustained a work related injury that aggravated her disability and on or about March 12, 2014, Plaintiff had surgery for her disability with corrective surgery on her spine and began her FMLA leave.  Later it was necessary for Plaintiff to undergo a second surgery on May 15, 2014 for a work related shoulder injury occurring on January 24, 2014, which had aggravated Plaintiff's disability.

51.      Since March 12, 2014, Teva has refused to pay Plaintiff all short term disability payments due and owing despite being disabled and unable to work as a result of her disability and work related accident on January 24, 2014.

52.      Since February of 2014, Defendant TEVA did not assign Plaintiff a medical case manager to assist her in working with her disability.

19

53.     Defendant TEVA has sales contests and one such contest is called: "Make It Happen." Teva's policy for sales contests including "Make It Happen" is that employees who are on an approved FMLA or medical leave are allowed to participate in the sales contests.

54.     On or about June 26, 2014 while Plaintiff was on an approved medical leave, TEVA published the results of the "Make It Happen" sales contest where TEVA retaliated against Plaintiff because of her disability and for her prior EEO complaints at the IDHR and listed Plaintiff as "0" % eligible in red ink to ridicule Plaintiff's disability, Plaintiff's need for a disability medical leave and to humiliate Plaintiff because of her disability and prior EEO complaints, since the "0" % eligibility determination was communicated to numerous other sales personnel in TEVA's sales organization.

55.     After Plaintiff protested the "0" % eligibility, TEVA retracted the determination of "0" % eligibility to Plaintiff alone; however, TEVA did not inform the dozens of Plaintiff's colleagues about TEVA's retaliatory and discriminatory eligibility determination for Plaintiff, despite doing so for male employees without a disability under similar circumstances.

56.     Plaintiff's disability, and, or sex or gender (female) or prior EEO complaints or retaliation was a motivating factor in Defendant TEVA's decisions above which caused Plaintiff emotional distress, humiliation and loss of reputation and has further resulted in lost wages, lost bonuses, lost 401(k) contributions or earnings, lost salary for Plaintiff, and lost opportunities for advancement and, or promotion at TEVA for Plaintiff, preventing her right to pursue her career at TEVA free from disability and, or sex or gender discrimination and retaliation, and Plaintiff's gender, disability or retaliation for Plaintiff's protected EEO activity was a motivating factor in Defendant TEVA's decisions to deny Plaintiff her bonus for 2013 and to deny Plaintiff a medical case worker to assist Plaintiff to work with her disability.

20

57. As a further result of Defendant TEVA's intentional and discriminatory or retaliatory acts above, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, loss of dignity, and embarrassment.

58. Defendant TEVA's practices above have deprived equal employment opportunities to disabled and, or female employees and otherwise adversely affected the status of employees and Plaintiff based on their disability and, or gender or retaliation.

59. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the protected rights of disabled and, or female employees including Plaintiff, in violation of the IHRA.

60. Defendant TEVA's unlawful employment practices complained of above were intentional and resulted in Defendant TEVA discriminating against Plaintiff because of her disability, or gender and, or because of her protected EEO activity.

61. On July 15, 2014, Plaintiff filed a verified second amended charge, under oath, of gender, disability discrimination and retaliation against Defendant TEVA which complained about all of the above discriminatory and retaliatory acts of Defendant in paragraphs 49-60 above, and retaliatory acts of Defendant against Plaintiff for her initial EEO complaint of disability and retaliation discrimination with TEVA on or about June 5, 2013, Plaintiff's September 23, 2013 verified charge of disability and retaliation and, or Plaintiff's verified charge of disability and gender discrimination and retaliation filed with the Illinois Department of Human Rights (IDHR) in Chicago, Illinois on April 7, 2014.

62. Plaintiff has exhausted all administrative remedies and complied with the statutory prerequisites for maintaining Plaintiff's retaliation action against Defendant TEVA in the Circuit Court of Cook County, IL under the IHRA, 775 ILCS 5/1-101 *et seq.* as amended.

21

63. Cook County, Illinois is the appropriate venue for this action as it is where Plaintiff resides and where Defendant employed Plaintiff since 2005, and where Defendant violated Plaintiff's civil rights.

64. All of Defendant's intentional discriminatory acts above based upon Plaintiff's gender, disability and, or Plaintiff making disability or EEO complaints against TEVA or Defendant TEVA's retaliatory actions are in violation of the IHRA, 775 ILCS 5/1-101 *et seq.*

65. Plaintiff demands trial by jury.

WHEREFORE, Janice Keen, Plaintiff, prays for the following relief:

A. That a judgment be entered in favor of Plaintiff Janice Keen and against Defendants TEVA PHARMACEUTICALS USA, INC., a foreign corporation, TEVA SALES AND MARKETING, INC., a foreign corporation, and TEVA PHARMACEUTICALS NORTH AMERICA, a foreign corporation, jointly and against each of them, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

B. That Plaintiff be awarded damages for lost wages, lost or reduced pension benefits and lost income with prejudgment interest on all monetary awards, as a result of Defendant TEVA's discriminatory conduct based upon Plaintiff's disability, gender or retaliation in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

C. That Plaintiff be promoted to the position of "Senior Executive Sales Representative" and awarded future, or front damages, front pay and benefits she would have received during the next 10 years in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

22

D.     That Plaintiff be awarded all employee benefits, insurance benefits, health and life insurance benefits, retirement benefits, pension benefits and all other employee benefits she would have received but for the above civil rights violations committed against her, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00);

E.     That Plaintiff be awarded actual damages for emotional distress, humiliation, loss of dignity, embarrassment and loss of reputation in an amount greater than $50,000.00;

F.     That an injunction be entered enjoining Defendant TEVA, its officers, employees, agents, successors, and all persons acting in concert or participation with them, from engaging in any employment policy or practice which discriminates against employees based upon disability, gender or retaliation;

G.     Order Defendant TEVA to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and applicants, regardless of whether they have a disability, or gender or sex or EEO activity and which eradicate the effects of Defendant's past unlawful employment practices;

H.     Order Defendant TEVA to make Plaintiff whole by providing appropriate back pay with prejudgment interest, and compensation for all other past and future pecuniary losses, in amounts to be determined at hearing or trial;

I.     Order Defendant TEVA to make Plaintiff whole by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00);

J.     Enter an order requiring Defendant TEVA to post notices in conspicuous places of Defendant's offices, setting forth the requirements for compliance with the IHRA;

K.  Order Defendant TEVA to make Plaintiff whole by providing appropriate back pay with prejudgment interest, and compensation for other past and future pecuniary losses in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) plus court costs and interest;

L.  Order Defendant to make Plaintiff whole by reinstating all rights and employee benefits, or awarding Plaintiff appropriate front pay, short term disability benefits, provide plaintiff a medical case manager and publically remove the determination that Plaintiff was 0% eligible for bonuses and award Plaintiff all of her bonuses and all other monetary amounts to be determined at trial;

M.  Order Defendant and its successors to provide training to officers, managers and employees regarding disability and gender discrimination and prohibition of retaliating against employees for making EEO complaints;

N.  That Plaintiff Janice Keen be awarded all attorney's fees and costs incurred;

O.  Enter a declaratory judgment that Defendant TEVA's actions constitute unlawful discrimination and retaliation in violation of the IHRA;

P.  Enter an order that any and all public contracts between Defendant TEVA and the State of Illinois, or any State agency or department, shall be terminated immediately;

Q.  Enter an order barring Defendant TEVA from participating in public contracts for a period up to, but not to exceed the statutory revocation period of years;

R.  Enter an order that a penalty up to, but not to exceed, the monies earned by Defendant TEVA as a result of the above civil rights violations shall be paid to the Treasurer of the State of Illinois;

S.     Enter an order directing all Illinois licensing authorities that all of Defendant TEVA's licenses within Illinois be suspended or revoked, including but not limited to all pharmaceutical licenses of TEVA and its related companies be revoked;

T.     Enter an order requiring Defendant TEVA to report to the IDHR and the Court every 2 months, in writing, that it is in full and complete compliance with all orders issued by the IDHR or the Court, and are in full compliance with the IHRA;

U.     Enter an order for other relief which is equitable, proper and just, or to make Plaintiff whole in accord with the Illinois Human Rights Act;

V.     Plaintiff demands trial by jury.

Janice Keen, plaintiff


BY: _____

Edward R. Theobald, plaintiff's attorney




Edward R. Theobald
Law Offices of Edward R. Theobald
Attorney ID # 12437
135 S. LaSalle Street, Suite 1920
Chicago, IL 60603
(312) 346-9246


25

## 2013 W-2 and EARNINGS SUMMARY

**W-2** **2013**

TEVA SALES AND MARKETING
INC
1090 HORSHAM RD
NORTH WALES PA 19454

Batch #03406

JANICE E KEEN
3221 WENONAH AVE
BERWYN IL 60402

JANICE E KEEN
3221 WENONAH AVE
BERWYN IL 60402

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

JANICE KEEN, )
)
Plaintiff, )
)
v. ) No.
)
TEVA PHARMACEUTICALS USA, INC.,)
a foreign corporation, TEVA SALES AND )
MARKETING, INC., a foreign corporation, )
TEVA PHARMACEUTICALS NORTH ) Plaintiff Demands Trial by Jury
AMERICA, foreign corporation, )
)
Defendants. )

### AFFIDAVIT OF DAMAGES - SUPREME COURT RULE 222

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil
Procedure, the undersigned, plaintiff, Janice Keen, certifies that the total of money damages
sought does exceed $50,000.00, exclusive of interest and costs.

Dated: *11-8-2014*

Janice Keen

Edward R. Theobald
Law Offices of Edward R. Theobald
Attorney for Plaintiff
Attorney ID # 12437
135 S. LaSalle Street
Suite 1920
Chicago, IL 60603
(312) 346-9246

Exhibit B



Re-order from Bushnell Company
(215) 842-9520
www.BushnellCo.com

 RECYCLED PAPER
RECYCLABLE

2120 - Served                   2121 - Served
2220 - Not Served           2221 - Not Served
2320 - Served By Mail        2321 - Served by Mail
2420 - Served by Publication   2421 - Served by Publication
SUMMONS                 SUMMONS      (Rev. 5/1/92) CCG-1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JANICE KEEN,

               Plaintiff,

                v.                  No.

TEVA PHARMACEUTICALS USA, INC.,      Please serve defendant:
a foreign corporation, TEVA SALES AND
MARKETING, INC., a foreign corporation,    **TEVA SALES AND MARKETING, INC**
TEVA PHARMACEUTICALS NORTH         1090 Horsham Road
AMERICA, a foreign corporation,          North Wales, Pennsylvania, 19454

              Defendants.

### SUMMONS

To each defendant:

     YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

     To the officer:

     This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

                                   WITNESS,_____, 2014

                                         Clerk of court

EDWARD R. THEOBALD             Date of service:_____,2014
Attorney for Plaintiff               (To be inserted by officer on copy left with
135 S. LaSalle Street, #1920      defendant or other person)
Chicago, IL 60603
312-346-9246
Atty. No. 12437

## DOROTHY A. BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

   *Law Division Room 801              County Division Room 801
   Chancery-Divorce Room 802         Probate Division Room 1202

2120 - Served           2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail    2321 - Served by Mail
2420 - Served by Publication    2421 - Served by Publication
SUMMONS               SUMMONS      (Rev. 5/1/92) CCG-1

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

JANICE KEEN,

              Plaintiff,

           v.                      No.

TEVA PHARMACEUTICALS USA, INC.,
a foreign corporation, TEVA SALES AND
MARKETING, INC., a foreign corporation,
TEVA PHARMACEUTICALS NORTH
AMERICA, a foreign corporation,

              Defendants.

Please serve defendant:

**TEVA SALES AND MARKETING, INC**
1090 Horsham Road
North Wales, Pennsylvania, 19454

### SUMMONS

To each defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

    To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____, 2014

Clerk of court

EDWARD R. THEOBALD
Attorney for Plaintiff
135 S. LaSalle Street, #1920
Chicago, IL 60603
312-346-9246
Atty. No. 12437

Date of service:_____,2014
(To be inserted by officer on copy left with
defendant or other person)

### DOROTHY A. BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

  *Law Division Room 801             County Division Room 801
  Chancery-Divorce Room 802      Probate Division Room 1202

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served by Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | SUMMONS (Rev. 5/1/92) CCG-1 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JANICE KEEN,

                  Plaintiff,

         v.

TEVA PHARMACEUTICALS USA, INC.,
a foreign corporation, TEVA SALES AND
MARKETING, INC., a foreign corporation,
TEVA PHARMACEUTICALS NORTH
AMERICA, a foreign corporation,

                Defendants.

2014L011729
CALENDAR/ROOM S
TIME 00:00
Statutory Action

No.

Please serve defendant:

**TEVA SALES AND MARKETING, INC**
1090 Horsham Road
North Wales, Pennsylvania, 19454

## SUMMONS

To each defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

    To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____, 2014

                Clerk of court

EDWARD R. THEOBALD
Attorney for Plaintiff
135 S. LaSalle Street, #1920
Chicago, IL 60603
312-346-9246
Atty. No. 12437

Date of service: _____, 2014
(To be inserted by officer on copy left with
defendant or other person)

## DOROTHY A. BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | |
|---|---|
| *Law Division Room 801 | County Division Room 801 |
| Chancery-Divorce Room 802 | Probate Division Room 1202 |

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served by Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | SUMMONS (Rev. 5/1/92) CCG-1 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JANICE KEEN,

                    Plaintiff,

        v.

TEVA PHARMACEUTICALS USA, INC.,
a foreign corporation, TEVA SALES AND
MARKETING, INC., a foreign corporation,
TEVA PHARMACEUTICALS NORTH
AMERICA, a foreign corporation,

                    Defendants.

2014L011729
CALENDAR/ROOM S
TIME 00:00
Statutory Action

No.

Please serve defendant:

**TEVA SALES AND MARKETING, INC**
1090 Horsham Road
North Wales, Pennsylvania, 19454

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS,_____, 2014

_____
Clerk of court

EDWARD R. THEOBALD
Attorney for Plaintiff
135 S. LaSalle Street, #1920
Chicago, IL 60603
312-346-9246
Atty. No. 12437

Date of service:_____,2014
(To be inserted by officer on copy left with
defendant or other person)

**DOROTHY A. BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| *Law Division Room 801 | County Division Room 801 |
| Chancery-Divorce Room 802 | Probate Division Room 1202 |

Exhibit C



Re-order from Bushnell Company
(215) 842-9520
www.BushnellCo.com

 RECYCLED PAPER
RECYCLABLE

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| JANICE KEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2014 L 011729 |
| | ) | |
| TEVA PHARMACEUTICALS USA, | ) | |
| INC., a foreign corporation, TEVA SALES | ) | |
| AND MARKETING, INC., a foreign | ) | |
| corporation, TEVA | ) | |
| PHARMACEUTICALS NORTH | ) | |
| AMERICA, a foreign corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING

TO:    Edward R. Theobald
       Law Offices of Edward R. Theobald
       135 South LaSalle Street
       Suite 1920
       Chicago, Illinois 60603

        PLEASE TAKE NOTICE THAT ON the 1st day of December, 2014, I have caused to be
filed with the United States District Court for the Northern District of Illinois, the attached
**Notice of Removal**.

TEVA PHARMACEUTICALS USA, INC., TEVA
SALES AND MARKETING, INC., TEVA
PHARMACEUTICALS NORTH AMERICA

By: _____
              One of its attorneys

John M. Riccione jriccione@agdglaw.com
Amy M. Rapoport arapoport@agdglaw.com
Benjamin Haskin bhaskin@agdglaw.com
**ARONBERG GOLDGEHN**
330 N. Wabash Ave., Suite 1700
Chicago, Illinois 60611-3586
Ph.: (312) 755-3188
Fax: (312) 222-6388
Attorney No. 30375
www.agdglaw.com

Doc# 1654917_1

## CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, John M. Riccione certifies that he served copies of this notice and Notice of Removal on each of the above persons at their respective addresses by depositing same in the U.S. Mail at 330 North Wabash Avenue, Chicago, Illinois at or before 4:00 p.m. on December 1, 2014 with proper postage prepaid.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

JANICE KEEN,                                    )
                                                )
                    Plaintiff,                  )
                                                )
        v.                                      )
                                                )    1:14-cv-09626
TEVA PHARMACEUTICALS USA, INC.,                 )    Judge Ruben Castillo
a foreign corporation, TEVA SALES AND           )    Magistrate Judge Jeffrey T. Gilbert
MARKETING, INC., a foreign corporation,         )
TEVA PHARMACEUTICALS NORTH                      )
AMERICA, a foreign corporation,                 )
                                                )
                    Defendants.                 )
                                                )

**FILED**

**NOTICE OF FILING**

DEC - 2 2014

TO:     Edward R. Theobald                          THOMAS G BRUTON
        Law Offices of Edward R. Theobald           CLERK U S DISTRICT COURT
        135 South LaSalle Street
        Suite 1920
        Chicago, Illinois 60603
                                        2ND
        PLEASE TAKE NOTICE THAT ON the 1st day of December, 2014, I have caused to be
filed with the United States District Court for the Northern District of Illinois, the attached
**Notice of Removal**.

                            TEVA PHARMACEUTICALS USA, INC., TEVA
                            SALES AND MARKETING, INC., TEVA
                            PHARMACEUTICALS NORTH AMERICA

                            By: /s/ John M. Riccione
                                    One of its attorneys

John M. Riccione (ILARDC No.: 6209375)
jriccione@agdglaw.com
Amy M. Rapoport (ILARDC No.:6293612)
arapoport@agdglaw.com
Benjamin Haskin (ILARDC No.: 6306126)
bhaskin@agdglaw.com
**ARONBERG GOLDGEHN**
330 N. Wabash Ave., Suite 1700
Chicago, Illinois 60611-3586
Ph.: (312) 755-3188
Fax: (312) 222-6388
www.agdglaw.com

Doc# 1654900_1

## CERTIFICATE OF SERVICE

John M. Riccione certifies that he served copies of this Notice of Removal on Edward R. Theobald, counsel for the Plaintiff, at 135 South LaSalle Street, Suite 1920, Chicago, Illinois 60603, by depositing same in the U.S. Mail at 330 North Wabash Avenue, Chicago, Illinois 60611 at or before 4:00 p.m. on December 1, 2014 with proper postage prepaid.

/s/ *John M. Riccione*